O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JOHN MACRERY,

                **Plaintiff,**

          **v.**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social**
**Security,**

                **Defendant.**

)
)
)
)
)
)
)
)
)
)
)
)

**NO. SACV 13-1327-MAN**

**MEMORANDUM OPINION**

**AND ORDER**

## INTRODUCTION

Plaintiff filed a Complaint on September 4, 2013, seeking review of the denial of plaintiff's application for a period of disability and disability insurance benefits ("DIB"). On September 27, 2013, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (ECF Nos. 9, 10.) On May 5, 2014, the parties filed a Joint Stipulation ("Joint Stip.") in which plaintiff seeks an order reversing the Commissioner's decision and either remanding for further proceedings or awarding benefits to plaintiff. (Joint Stip. at 21.) The Commissioner requests that the ALJ's decision be affirmed or, in the alternative, remanded for further proceedings. (*Id.*) The Court has taken the matter under submission without oral

1   argument.

2

3                    **SUMMARY OF ADMINISTRATIVE PROCEEDINGS**

4

5          On January 27, 2012,[1] plaintiff, then 56 years old,[2] applied for a period of disability and

6   DIB. (Administrative Record ("A.R.") 141, 163.) Plaintiff alleged disability commencing June 1,

7   2009, due to depression, cancer, and back pain. (*Id.* 140, 144.) Plaintiff had previously worked

8   as a sales manager, contract consultant, and a telemarketer. (*Id.* 16.)

9

10         The Commissioner denied plaintiff's application initially (A.R. 69-73) and on reconsideration

11  (A.R. 82-86). Plaintiff requested an expedited hearing based on financial hardship. (A.R. 88; *see*

12  *also id* 9.) On May 2, 2013, plaintiff, who was represented by counsel, appeared at a hearing and

13  testified before Administrative Law Judge Keith Dietterle ("ALJ"). (A.R. 23-43.) Kelly Winn-

14  Boaitey, a vocational expert ("VE"), and Dr. Joseph Malancharuvil, a board certified clinical

15  psychologist, also testified. (*Id.* 23-46.) On May 23, 2013, the ALJ issued an unfavorable

16  decision. (*Id.* 9-18.) On June 25, 2013, the Appeals Council denied plaintiff's request for review.

17  (*Id.* 1-4.)

18

19                     **SUMMARY OF ADMINISTRATIVE DECISION**

20

21         The ALJ found that plaintiff had not engaged in substantial gainful activity from his alleged

22  onset date of June 1, 2009, through his date last insured of December 31, 2012. (A.R. 11.) The

23  ALJ determined that plaintiff had the severe medically determinable impairments of major

24  depression and anxiety disorder, not otherwise specified. (*Id.*) The ALJ also concluded that these

25

26  ───────────────

27         [1]  The Administrative Law Judge states that plaintiff filed his application on February 21,
     2012, but the application is dated January 27, 2012. (*Compare* A.R. 9 *with id.* at 141, 163.)

28         [2]  Plaintiff was born on February 23, 1955. (A.R. 137.)

                                              2

impairments did not satisfy the requirements of a listed impairment in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).  (*Id.* 25-26.)

The ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform "a full range of work at all exertional levels but with the following nonexertional limitations: simple routine tasks with no public contact." (A.R. 14.)  The ALJ concluded that plaintiff was unable to perform any past relevant work because he was limited to simple routine tasks.  (*Id.* 16.)  However, the ALJ found that, because plaintiff's limitations "had little or no effect on the occupational base of unskilled work at all exertional levels," there were jobs that existed in significant numbers in the national economy that plaintiff could perform.  (*Id.* 17 (citing SSR 82-41 and section 204.11 of the Medical-Vocational Guidelines).)   Accordingly, the ALJ found that plaintiff was not disabled.  (*Id.* 17.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).  "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Gutierrez v. Comm'r of Soc. Sec., 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).  "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion."  Lingenfelter v. Astrue, 504

3

1 | F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted); Desrosiers v.
2 | Sec'y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988).  "The ALJ is responsible for
3 | determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."
4 | Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

5 |

6 | The Court will uphold the Commissioner's decision when the evidence is susceptible to
7 | more than one rational interpretation.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).
8 | However, the Court may review only the reasons stated by the ALJ in his decision "and may not
9 | affirm the ALJ on a ground upon which he did not rely."  Orn, 495 F.3d at 630; *see also* Connett
10 | v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).  The Court will not reverse the Commissioner's
11 | decision if it is based on harmless error, which exists only when it is "clear from the record that
12 | an ALJ's error was 'inconsequential to the ultimate nondisability determination.'"  Robbins v. Soc.
13 | Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm'r of Soc. Sec., 454 F.3d
14 | 1050, 1055 (9th Cir. 2006)); *see also* Carmickle v. Comm'r of Soc. Sec., 533 F.3d 1155, 1162 (9th
15 | Cir. 2008).

16 |

17 | **DISCUSSION**

18 |

19 | Plaintiff alleges two sources of error.  First, plaintiff claims that the ALJ did not satisfy his
20 | obligation to fully and fairly develop the record.  (Joint Stip. at 3.)  Second, plaintiff contends that
21 | the ALJ did not properly evaluate the opinion of Dr. Kenneth T. Abjelina, plaintiff's treating
22 | psychiatrist.  (*Id.* at 11.)

23 |

24 | **I.    The ALJ Did Not Err By Failing To Develop The Record Further.**

25 |

26 | On February 24, 2012, John Russell, Ph.D., plaintiff's treating psychologist, completed a
27 | mental disorder questionnaire.  (A.R. 350-54.)  He stated that plaintiff was depressed and anxious
28 | and presented as "hostile" and "agitated."  (*Id.* 350-51.)  He stated further that plaintiff was

4

1  "emotionally labile mainly due to his life being disrupted by loss of job, inability to find work,

2  marital separation, problems with children, depression." (*Id.* 351.)  Dr. Russell noted that

3  plaintiff's memory was "intact," there was no evidence of thought disorder or delusions, plaintiff

4  could use abstract thinking and reasoning, and plaintiff experienced "moderate concentration

5  difficulties." (*Id.* 351.)  He opined that plaintiff managed his "ADL's" (activities of daily living) with

6  difficulty  due to his severe depression and anxiety (*id.* 352) but "could adapt to work stresses"

7  (*id.* 353).  Dr. Russell concluded that:  "the major stress" in plaintiff's life was *not* working and,

8  if plaintiff had a job, some of his symptoms would resolve; and that plaintiff's return to work

9  would be beneficial to his prognosis.  (A.R. 353-54.)

10

11  The ALJ determined that Dr. Russell's opinions had "little probative value due to

12  inconsistent findings." (A.R. 15.) Plaintiff now suggests that the ALJ might have assigned greater

13  weight to Dr. Russell's negative opinions about plaintiff's limitations had he requested and

14  reviewed Dr. Russell's treatment notes.  Specifically, plaintiff contends that the ALJ had an

15  obligation to request Dr. Russell's treatment notes, which plaintiff characterizes as "extremely

16  relevant." (Joint Stip. at 3.)  Plaintiff further asserts that, if the ALJ had attempted to obtain

17  plaintiff's medical records, he might "have come to a different conclusion regarding plaintiff's

18  mental impairments and restrictions." (*Id.* at 4-5.)

19

20  Plaintiff is correct that, in disability benefits cases, the ALJ has an independent "'duty to

21  fully and fairly develop the record and to assure that the claimant's interests are considered.'"

22  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001) (quoting Smolen v. Chater, 80 F.3d

23  1273, 1288 (9th Cir. 1996)).  However, this duty is "triggered only when there is ambiguous

24  evidence or when the record is inadequate to allow for proper evaluation of the evidence." Mayes

25  v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (citing Tonapetyan, 242 F.3d at 1150).

26

27  Here, the record was neither inadequate nor ambiguous on the question of whether

28  plaintiff's mental impairments precluded him from working.  To the contrary, plaintiff testified that,

5

1  if somebody gave him a job, he would be "a lot better" and would be able to work.[3]  (A.R. 37.)

2  As set forth above, Dr. Russell shared plaintiff's opinion that returning to work would be beneficial

3  to plaintiff.  The treatment notes of Dr. Kenneth T. Abjelina, plaintiff's treating psychiatrist,

4  similarly suggest that plaintiff's unemployment was a cause of his mental impairments and that

5  his symptoms might improve if and when he returned to work.  (*See id.* 407, 411, 412.)

6

7          Accordingly, the Court finds that there was no ambiguity or inadequacy in the record that

8  triggered the ALJ's duty to solicit Dr. Russell's treatment notes.  Indeed, plaintiff and his

9  physicians were all of the opinion that plaintiff's mental health would be improved by employment.

10  Thus, even if the ALJ had erred by failing to develop the record, the error would be harmless,

11  because it is clear from the record that the absence of Dr. Russell's notes was "inconsequential

12  to the ultimate nondisability determination."  Robbins, 466 F.3d at 885.

13

14          **II.      The ALJ Properly Evaluated The Opinion Of The Treating Psychiatrist.**

15

16          The second issue in dispute concerns the ALJ's evaluation of plaintiff's treating psychiatrist's

17  opinion.  On April 13, 2013, Dr. Abjelina completed a mental disorder questionnaire form, which

18  indicates that he began seeing plaintiff in March 2012. (A.R. 399, 402.)  Dr. Abjelijna reported

19  that plaintiff suffered high anxiety with agoraphobia and recurrent major depressive disorder and

20  "is often tense, anxious, angry, fearful, and avoidant." (*Id.* 400-01.)  Dr. Abjelina stated that

21  plaintiff's impairments caused him to experience significant mental confusion, difficulty adapting

22  to stress and change, low frustration tolerance, and difficulty with consistency. (*Id.*)  Dr. Abjelina

23  wrote that his prognosis was "guarded." (*Id.* 402.)

24

---

25          [3]      Plaintiff also admitted at the hearing that he did not know why he was applying for
26  disability benefits and claiming that he was unable to work.  Specifically, Dr. Malancharuvil asked
    plaintiff "Why are you then asking for disability?  If you think you can work, if somebody gave you
27  a job and you would be able to do it, what is it that you are asking, saying that you can't work?"
    (A.R. 37-38.)  Plaintiff responded "I don't know the answer to that, sir . . . I've probably submitted
28  applications for over 3,000 job applications . . . and I've gotten no response from anybody at all."
    (*Id.* 38.)

The ALJ assigned Dr. Abjelina's opinions "little weight" because they were "not well supported by his own treating notes." (A.R. 16.)  The ALJ cited Dr. Abjelina's treating notes showing that, *inter alia*, plaintiff's attitude was frequently "positive" (A.R. 404 - 1/9/13, 405 - 12/12/12. 407 - 11/14/12, 408 - 10/3/12), and his mental status issues were "within normal limits" rather than "significant" (A.R. 403 - 2/1/13, 405 - 12/12/12, 407 - 11/14/12, 408 - 10/3/12, 411 - 9/6/12). (A.R. 16.) Further, Dr. Abjelina's treatment records, like Dr. Russell's opinion and plaintiff's testimony, bolster the view that plaintiff's mental impairments did not preclude him from working. Specifically, Dr. Abjelina indicated that: plaintiff's depression was "related to job loss" (A.R. 412 - 8/1/12); plaintiff quit his last job because his employer stopped paying him -- not because he was fired or experienced difficulty performing the job (A.R. 411 - 9/6/12); and plaintiff described himself as "still depressed" despite starting a job in November 2012, because he did not think the job would last (A.R. 407 - 11/14/12).

Plaintiff contends that the ALJ failed to provide an explicit explanation supported by the record for rejecting Dr. Abjelina's opinions. (Joint Stip. at 13.) When a treating or examining physician's opinion is not contradicted by another physician, it may be rejected only for "clear and convincing" reasons that are supported by substantial evidence. Ghanim v. Colvin, 763 F.3d 1154, 1160-61 (9th Cir. 2014); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). When it is contradicted by another doctor's opinion, a treating or examining physician's opinion may only be rejected if, after considering the factors set out in 20 C.F.R. § 404.1527(c)(2)-(6) for evaluating medical opinions, the ALJ articulates "specific and legitimate" reasons supported by substantial evidence in the record. Garrison, 759 F.3d at 1012; Orn, 495 F.3d at 632. Accordingly, an ALJ confronted with conflicting medical opinions must consider, *inter alia*, the length of the treatment relationship and the frequency of examination; the medical specialties of the various medical sources; the extent to which the medical opinions are supported by explanations; and the consistency of each medical opinion with the record as a whole. 20 C.F.R. § 404.1527(c)(2)-(6); *see also* Orn, 495 F.3d at 631.

7

1      Here, Dr. Abjelina's assessment of plaintiff's ability to return to work was contradicted by

2  Dr. Russell's opinion.  Accordingly, the ALJ only needed to provide specific and legitimate reasons

3  for rejecting it.  The ALJ satisfied this standard when he explained that Dr. Abjelina's opinion was

4  entitled to little weight because it was not supported by the treatment notes, which showed that

5  plaintiff regularly exhibited a positive attitude and his mental health issues were generally within

6  normal limits.

7

8      The Court finds that substantial evidence in the record supports the ALJ's decision to reject

9  Dr. Abjelina's opinion.  Specifically, plaintiff's testimony, Dr. Russell's opinion, and Dr. Abjelina's

10  treating notes, all support the view that plaintiff could work despite his impairments.  Accordingly,

11  the Court finds that the ALJ did not err in his assessment of Dr. Abjelina's opinion and, further,

12  that any error was harmless, given plaintiff's testimony that the only impediment to his return to

13  the workforce was the lack of a job offer.

8

**CONCLUSION**

For the reasons stated above, the Court finds that the Commissioner's decision is supported by substantial evidence and free from material legal error. Neither reversal of the ALJ's decision nor remand is warranted.

Accordingly, IT IS ORDERED that Judgment shall be entered affirming the decision of the Commissioner of the Social Security Administration.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: January 14, 2015

_Margaret A. Nagle_
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE